```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:13-000193

**BRIAN M. SMITH**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On May 23, 2019, the United States of America appeared by Andrew Tessman, Assistant United States Attorney, and the defendant, Brian M. Smith, appeared in person and by his counsel, John Carr, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Dylan Shaffer. The defendant commenced a three-year term of supervised release in this action on August 25, 2017, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on May 5, 2014.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) on December 17, 2018, the defendant drove while his license was suspended or revoked, without vehicle insurance, and without vehicle registration; (2) the defendant tested positive for the use of methamphetamine and amphetamine on February 22, March 9, December 7 and 13, 2018; (3) the defendant failed to maintain employment from December 2017 until the filing of the petition; (4) the defendant failed to advise as to the change of his residence on and after December 8, 2017; (5) the defendant failed to participate as directed in the intensive outpatient substance abuse treatment program on the thirteen occasions set forth in the petition from October 11 to December 2018; (6) the defendant failed to attend his individual substance abuse counseling session for the months of November 2018 and January 2019; (7) the defendant failed to provide a urine specimen as directed by the probation officer on the dates of February 23, March 29, June 20, August 22, October 19, November 20, December 17 and 26, 2018, January 10, 15, and 21, 2019; and (8) the defendant gave a false identification of his name to a law enforcement officer on May 1, 2019, using the name

2

of Travis Fuller; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of NINE (9) MONTHS, to be followed by a term of twenty-five (25) months of supervised release upon the same terms and conditions as heretofore and the special condition that he participate in a nine to twelve month program at Recovery Point of West Virginia, where he shall follow the rules and regulations of the facility

and successfully complete the program and participate in substance abuse counseling and treatment as directed by the program and the probation officer, and that he submit to frequent, random urine screens as directed by the probation officer. The defendant shall travel directly from his place of incarceration, without interruption, to the Recovery Point program. It is understood that the defendant's father is available to transport him.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: May 24, 2019

John T. Copenhaver, Jr.
Senior United States District Judge